69 F.3d 549
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
GUYMON BLUESTEM, INC.; Larry Jeffus, Defendants-Appellants, and
Gene CARTER, doing business as Carter Trucking Co.; Richard
Harrington; Harrington Vet Services, Inc.; Stansfield
Printing Company, Inc.; Worth Jeffus, as Trustee of the
Winifred Jeffus Family Trust No. 1; Eugenia Ann Jeffus,
also known as Gene Ann Jeffus; J & G Irrigation Co.; Texas
County Treasurer; Texas County Board of County
Commissioners; ABC Treadco, Inc.; Oklahoma Tax Commission,
State of Oklahoma ex rel.; Oklahoma Employment Security
Commission, State of Oklahoma ex rel.; Credit Adjustment
Company, Inc.; El Tac Company; First Security Bank of
Beaver; Federal Land Bank, now Farm Credit Services, Defendants.
 No. 94-6364.
(D.C.No. CIV-93-399-T)
 United States Court of Appeals, Tenth Circuit.
 Nov. 2, 1995.
 
 Before KELLY, SETH, and HENRY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 SETH, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from some of the defendants in a foreclosure suit brought by the Farmers Home Administration (FmHA). The foreclosure judgment was based on real estate mortgages and on security agreements covering personal property. The notes, mortgages, and security agreements were executed by Larry Jeffus and Eugenia Ann Jeffus when the FmHA made a series of loans to them. The judgment recited that Larry Jeffus and Eugenia Ann Jeffus owed the FmHA $1,537,837.01 on the notes and mortgages, and stated that plaintiff's mortgage was a first lien on described real estate. The judgment also covered the claims of other creditors having liens.
 
 
 3
 The notice of appeal stated that Mr. Jeffus and Guymon Bluestem were appealing from the denial of the Rule 59 motion. Under the circumstances of this case, the appeal from the denial of the Rule 59 motion is sufficient to permit consideration of the merits of the summary judgment. See Artes-Roy v. Aspen, 31 F.3d 958, 961 n. 5 (10th Cir.1994); Bridgestone/Firestone, Inc. v. Local Union No. 998, 4 F.3d 918, 921 n. 2 (10th Cir.1993).
 
 
 4
 As mentioned above, Larry Jeffus and Eugenia Ann Jeffus signed the several obligations to support loans made to them by the FmHA in Oklahoma. The property pledged was thereafter transferred to a corporation, Guymon Bluestem, Inc. (GBI), subject to the FmHA mortgages and security agreements.
 
 
 5
 GBI, in 1989, filed for protection under Chapter 11 of the Bankruptcy Act. During the bankruptcy, several plans for reorganization of GBI were considered in an attempt to reorganize the debt to the FmHA. A Plan of Reorganization (the Plan) was confirmed. A few payments were made by GBI under the Plan, but it was unable to continue. This led to further negotiations between the debtor and FmHA, and the execution of a Settlement Agreement (December 20, 1991). This was after FmHA had filed a motion to dismiss the bankruptcy proceedings by reason of GBI's failure to make payments under the Plan.
 
 
 6
 The Settlement Agreement included property valuations made by the bankruptcy court and provided for the possible sale of the real estate with the application of the proceeds in the event a sale was made. The Agreement referred to the Plan and GBI's obligations under it. It also referred to the debt owed to FmHA by Larry Jeffus, and how it could be settled by described acts of Larry Jeffus. The Agreement recited that "[t]he pending bankruptcy of Guymon Bluestem, Inc. shall remain in effect except as modified by this agreement." The Agreement was signed for GBI by its president, Larry Jeffus, and for the United States and FmHA. It was not signed for Larry Jeffus nor Eugenia Ann Jeffus, individually.
 
 
 7
 The Settlement Agreement was not performed by GBI nor did Larry Jeffus undertake the acts which the Agreement recited he was to do by way of financial disclosures. The United States-FmHA then filed this action to foreclose the mortgages and security agreements. This complaint was first filed only against GBI, but was amended to include other debtors of GBI, and also including Larry Jeffus and Eugenia Ann Jeffus. The amended complaint also increased the amount claimed as due from the original figure of $286,992.34 to $1,500,000.00.
 
 
 8
 There was testimony by GBI and by Mr. Jeffus of several attempts made by visits to the FmHA offices in 1992 to obtain a statement as to the schedule of payments under the Settlement Agreement. Also, a meeting was held in January of 1993 attended by Mr. Jeffus at the FmHA local office in an attempt to obtain settlement figures. A figure was obtained at one meeting, and GBI offered to give a check for the amount then set by the County Supervisor, but was told the FmHA attorney would have to agree. There was forthcoming no further word from the FmHA. Other requests were unsuccessful. This foreclosure action was then filed.
 
 
 9
 The trial court determined that there had been no tender made by GBI which would meet the requirements of Oklahoma law during the described meetings, an offer of a check and discussions. We agree with the trial court on the tender issue described above.
 
 
 10
 As mentioned, the foreclosure suit ended with a judgment of foreclosure of the mortgages on the real estate together with the security agreements covering personal property. This was on the security provided for the original notes given to FmHA and on the notes executed as the loans were made to the Jeffuses.
 
 
 11
 There was obviously a mix of the bankruptcy proceedings, the Plan, the Settlement Agreement, and the foreclosure suit (as the suit changed form and added parties). However, we find in the record no objections during the foreclosure proceedings in the trial court directed to the interaction of the mentioned factors. The Appellants in their brief in this court, have argued some Bankruptcy Act issues, but this is too late.
 
 
 12
 The record shows that no issue of any consequence was raised in the trial court by Appellants in response to the FmHA motion for summary judgment. This appeal has come to us from the trial court's denial of Appellants' motion for new trial made after the summary judgment motion was granted.
 
 
 13
 The FmHA argues that Guymon Bluestem and Mr. Jeffus improperly used the motion for new trial to litigate issues that should have been raised in their response to the motion for summary judgment. In its response to the motion for new trial, however, the FmHA argued the motion merely was a "rehashing" of arguments already considered by the district court. Appellee's App. at 74. It is apparent that the trial court considered the problems when it denied the motion for new trial. The issues raised by the motion for summary judgment and by the new trial motion were thus considered by the trial court. We review the summary judgment motion in accordance with the prevailing summary judgment doctrine which need not be again recited here.
 
 
 14
 The record is clear that there had been a default on the notes by the makers; that real estate described in the foreclosure complaint was security for the debt represented by the notes; that foreclosure was in order and the foreclosure judgment was correct.
 
 
 15
 The judgment of the trial court is AFFIRMED.
 
 Entered for the Court
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470